Matter of Gibbs v New York State Dept. of Motor Vehs. (2019 NY Slip Op 06869)





Matter of Gibbs v New York State Dept. of Motor Vehs.


2019 NY Slip Op 06869


Decided on September 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019

Friedman, J.P., Renwick, Tom, Gesmer, Oing, JJ.


9929 260345/17

[*1]In re Lloyd Gibbs, Petitioner,
v
New York State Department of Motor Vehicles, et al., Respondents.


Lloyd Gibbs, petitioner pro se.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondents.



Determination of respondents, dated August 21, 2017, which found, after a hearing, that petitioner violated Vehicle and Traffic Law §§ 1111(d)(1) and 1124, and imposed a fine, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, Bronx County [Mary Ann Brigantti, J.] entered on or about June 6, 2018), dismissed, without costs.
The determination that petitioner violated Vehicle and Traffic Law §§ 1111(d)(1) and 1124 is supported by substantial evidence (see Matter of Nelke v Department of Motor Vehs. of the State of N.Y., 79 AD3d 433 [1st Dept 2010]). The police officer testified that he had a clear, unobstructed view of petitioner and that petitioner failed to stop at a stop line that preceded a red traffic signal, crossed over the double yellow line, and drove into oncoming traffic, causing the traffic moving in that direction to stop. This testimony is not incredible as a matter of law and is sufficient to sustain a determination that petitioner failed to stop at a red signal and interfered with safe motor vehicle operation. Petitioner's contention that the Administrative Law Judge (ALJ) should have credited his testimony that he was not controlled by the traffic signal and that there were no cars coming from the opposite direction is unavailing (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]).
Petitioner failed to demonstrate that the ALJ's findings resulted from bias (Matter of Warder v Board of Regents of Univ. of State of N.Y., 53 NY2d 186, 197 [1981], cert denied 454 US 1125 [1981]).
The record does not support petitioner's contention that the ALJ did not pay attention during his testimony and failed to review photographs introduced into evidence. Nor does the record show that the ALJ improperly interfered in the conduct of the hearing or questioned witnesses excessively (see People v Jamison, 47 NY2d 882 [1979]). Moreover, the ALJ properly directed petitioner to testify in response to questions, so as to focus
the testimony on material and relevant evidence (see People v Hansson, 162 AD3d 1234, 1236 [3d Dept 2018], lv denied 32 NY3d 1004 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 26, 2019
CLERK